**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Jaamel R. Davis, Sr., | ) | Case No. 2:25-cv-00573-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| State of South Carolina, Alan Wilson, Colleton County Sheriff's Department, Jason Varnadoe, Wanda Taylor, Mayor William T. Young, Jr., Councilman James Broderick, Councilwoman Judy Bridge, Councilman Carl Brown, Councilman Ladson Fishburne, Councilman Paul Siegel, and Councilman Greg Pryor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Jaamel R. Davis, Sr. ("Plaintiff"), proceeding *pro se*, brings this civil action alleging various constitutional violations by Defendants. (Dkt. No. 1.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PREPAYMENT OF THE FILING FEE:**

In compliance with the Court's March 7, 2025 order, Plaintiff has submitted a supplement (Dkt. No. 2-1) to his Application to Proceed Without Prepayment of Fees ("Form AO 240") (Dkt. No. 2), which is construed as a motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). Because the information in the supplemental Form AO 240 (Dkt. No. 2-1) indicates that Plaintiff does not have sufficient funds to prepay the filing fee at this time, the motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**NOTICE OF LEAVE TO FILE AMENDED COMPLAINT:**

The granting of *in forma pauperis* status in a case triggers a district court's duty to "sift out claims that Congress found not to warrant extended judicial treatment." *Nagy v. FMC Butner*, 376 F.3d 252, 256 (4th Cir. 2004). The court must dismiss any cases that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

As to failure to state a claim, a complaint filed in federal court "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court need not, however, accept as true a complaint's bare legal conclusions. *Id.* When "it is clear that no

relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim to relief.

The limited allegations in Plaintiff's Complaint detail that he alleges "Constitutional Rights Violations" suffered on or about December 28, 2022, when "[t]he Colleton County Sheriff's Department, under the discretion of Deputy Jason Varnadoe, State of South Carolina, County of Colleton; executed an arrest without warrant." (Dkt. Nos. 1, 4.) Based on this allegedly unlawful arrest, Plaintiff claims that Defendants violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution, in addition to portions of the United States Code and South Carolina state law. (Dkt. No. 1 at 3.) Plaintiff further alleges that his children have been harassed, he suffers from post-traumatic stress disorder, and he cannot focus on tasks without taking a break. (*Id*. at 5.) As relief, Plaintiff asks that the Court afford him "20 million dollars." (*Id*.) Upon review, many of Plaintiff's attempted claims appear to be subject to summary dismissal as currently presented for the reasons set forth below.

First, a civil action under § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Thus, to state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well-established that "inanimate objects such as buildings, facilities, and grounds are not 'persons' and do not act under color of state law." *Sumpter v. Georgetown Cty. Det. Ctr.*, No. 0:20-cv-1770-JMC-PJG, 2020 WL 3060395, at *2 (D.S.C. June 8, 2020). Thus, the State of South Carolina and the Colleton County Sheriff's Department do not constitute "persons" for purposes of § 1983 and Plaintiff's claims against them are therefore subject to summary dismissal. *See e.g.*, *Ackbar v. South Carolina*, No. 4:17-cv-1019-RMG-TER, 2017 WL 2364302, at *1 (D.S.C. May 30, 2017) (dismissing South Carolina from § 1983 action because it is not a "person" acting under color of state law); *Sheppard v. Orangeburg Cnty. Sheriff's Dep't*, No. 5:20-cv-2362-MGL-SVH, 2020 WL 4756526, at *2 (D.S.C. July 28, 2020) (same with respect to sheriff's department), *adopted*, 2020 WL 4754673 (D.S.C. Aug. 17, 2020).

Further, the Eleventh Amendment bars damages actions against states and state agencies. *See, e.g.*, *Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743 (2002). Eleventh Amendment immunity also extends to "arms of the State" and state employees acting in their official capacities. *Doe v. Coastal Carolina Univ.*, 359 F. Supp. 3d 367, 378 (D.S.C. 2019). Because employees of the sheriff's department are considered arms of the state, they are immune from suit in their official capacities under the Eleventh Amendment. *See Edwards v. Lexington Cty. Sheriff's Dept.*, 386 S.C. 285, n. 1 (S.C. 2010) ("under South Carolina law, the sheriff and sheriff's deputies are State . . . employees"); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (holding that sheriff was an "arm of the State").

Additionally, Plaintiff's claims against Defendants Wilson, Taylor, Young, Broderick, Bridge, Brown, Fishburne, Paul, Siegel, and Pryor fall short because a person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *see also Iqbal*, 556 U.S. at 676 (noting that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). In the instant case, Plaintiff does

not allege any personal involvement by the aforementioned Defendants. Without factual allegations regarding their personal involvement, any claims against these individuals are subject to summary dismissal. *See Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (dismissing claims where plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020).

As for Plaintiff's references to the United States Code, Plaintiff attempts to raise private civil causes of action under criminal statutes that do not create such private rights of action. *See Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 26 n.3 (3d Cir. 1989) ("the district court correctly decided '[18 U.S.C. § 242 and 243] are criminal offenses, enforceable by the government rather than citizen plaintiffs. Section 1983 is the civil counterpart to 18 U.S.C. § 242'") (citing to the unpublished district court opinion); *Cok v. Cosentino*, 876 F.2d 1,2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. § 241–242 (the criminal analogue of 42 U.S.C. § 1983) . . . . These statutes do not give rise to a civil action for damages."). Thus, any such claims are subject to summary dismissal, as well.

Given Plaintiff's *pro se* status, and the fact that Plaintiff could, in theory, remedy certain of the defects in his Complaint by amending his pleading, the undersigned **GRANTS Plaintiff leave to file an amended complaint within twenty-one days from the date this Order is entered, plus three days for mail time**.

The undersigned notes that if Plaintiff files an amended complaint, **it will completely replace the original complaint**. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."). Therefore, if Plaintiff files an amended complaint, he should **make clear all of the claims he wishes to assert; identify all of the defendants against whom such claims are asserted; and include a plain short statement of the supporting facts for those claims against each defendant**. **The Clerk of Court shall enclose a blank complaint form for Plaintiff's use.**

If Plaintiff files an amended complaint, the undersigned will screen it under 28 U.S.C. § 1915(e)(2)(B). If Plaintiff does not file an amended complaint or cure the deficiencies identified above, within the time permitted by this Order, **the undersigned may recommend that Plaintiff's claims be dismissed**.

**IT IS SO ORDERED.**

Mary Gordon Baker

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 9, 2025
Charleston, South Carolina