UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jaamel R. Davis, Sr., ) | Case No. 2:25-cv-00573-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| State of South Carolina; Alan Wilson; ) | |
| Colleton County Sheriff's Department; ) | |
| Sheriff Guerry "Buddy" Hill; ) | |
| Jason Varnadoe; Wanda Taylor; ) | **REPORT AND RECOMMENDATION** |
| Mayor William T. Young, Jr.; ) | |
| Councilman James Broderick; ) | |
| Councilwoman Judy Bridge; ) | |
| Councilman Carl Brown; ) | |
| Councilman Ladson Fishburne; ) | |
| Councilman Paul Siegel; and ) | |
| Councilman Greg Pryor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Jaamel R. Davis, Sr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action alleging a violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without further leave to amend.

**BACKGROUND**

The limited allegations in Plaintiff's Complaint suggest that he suffered "Constitutional Rights Violations" on or about December 28, 2022, when "[t]he Colleton County Sheriff's Department, under the discretion of Deputy Jason Varnadoe, State of South Carolina, County of Colleton; executed

1

an arrest without warrant."[1] (Dkt. No. 4 at 1; Dkt. No. 1 at 5.) Based on this alleged unlawful arrest, Plaintiff claims that Defendants violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (Dkt. No. 1 at 3.) The Complaint also references 18 U.S.C. §§ 241 and 242; 42 U.S.C. §§ 1985, 1986 and 12203; and S.C. Code §§ 16-5-60 and 8-1-80. (*Id.*) Plaintiff alleges that his "pursuit of happiness has been destroyed," and he "still can't focus on tasks without taking a break to stop the tears from the memory of this ordeal." (*Id*. at 5.) Plaintiff seeks $20 million in damages. (*Id*.)

Upon reviewing these initial allegations, the undersigned issued an order notifying Plaintiff that his Complaint was subject to summary dismissal for failure to state a claim upon which relief may be granted. (Dkt. No. 12 at 2–3.) In light of Plaintiff's *pro se* status, however, the undersigned afforded him an opportunity to file an amended pleading that cured the deficiencies identified in the Complaint. (*Id.* at 3.) The undersigned explicitly warned Plaintiff that failure to comply with the undersigned's instructions within the time permitted would result in summary dismissal. (*Id.*) Despite this warning, Plaintiff has yet to comply with, or otherwise respond to, the Court's instructions. To that end, this action remains limited to the allegations in the original Complaint (Dkt. No. 1).

## **LEGAL STANDARD**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without

---

[1] Although Plaintiff does not cite any specific criminal indictments, state court records suggest he is referring to Indictment No. 2022-GS-15-975 pending before the Colleton County Court of General Sessions. *See* Colleton County Public Index, https://www.sccourts.org/casesearch/ (limiting search to Colleton County, Indictment No. 2022GS1500975) (last visited Nov. 7, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon*

3

*v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Such is the case here.

## DISCUSSION

As stated above, the Complaint presents a series of bare references to various federal statutes (both criminal and civil) and South Carolina law as the basis for this action. (Dkt. No. 1 at 3.) Plaintiff fails, however, to provide any distinct allegations in support of these specific statutes, and most of the cited authorities are inapplicable to the Complaint in the first instance.[2] Rather, Plaintiff's sparse factual allegations more accurately reflect a Fourth Amendment claim for false arrest, which falls under the purview of 42 U.S.C. § 1983. *See Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating that claims of false arrest "are essentially claims alleging a seizure of the person in violation

---

[2] For example, Plaintiff cites 18 U.S.C §§ 241 and 242, which are part of the United States Criminal Code. (Dkt. No. 1 at 3.) As the undersigned previously explained to Plaintiff (Dkt. No. 12 at 3), these statutes "do not give rise to a civil action for damages." *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. § 241–242. . . ."); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person). Moreover, Plaintiff cites 42 U.S.C. §§ 1985 and 1986, which protect against conspiracies predicated on "racial, or perhaps otherwise class-based invidiously discriminatory animus." *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The Complaint does not allege or allude to any such discriminatory animus. Thus, Plaintiff's isolated references to these authorities are insufficient to state an actionable claim to relief. *See Rivers v. Goodstein*, No. 2:18-cv-2032-RMG-MGB, 2018 WL 4658487, at *6 (D.S.C. Sept. 7, 2018), *adopted*, 2018 WL 4656239 (D.S.C. Sept. 27, 2018) (noting that "[t]he mere recitation of inapplicable statutes in connection with patently frivolous claims" does not raise a colorable federal question).

of the Fourth Amendment"). A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The undersigned finds that Plaintiff has failed to state a claim to relief under § 1983 for several reasons.

As a threshold matter, Plaintiff's claims are barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which states that federal courts should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See id.* at 43–44; *see also Victoria v. Bodiford*, No. 8:21-cv-1836-JMC, 2021 WL 3726707, at *2 (D.S.C. Aug. 20, 2021) ("What lies behind *Younger* is the premise that state courts are capable of adequately protecting constitutional rights."). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *See Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In the instant case, the first criterion is met because Plaintiff's criminal proceedings appear to be ongoing.[3] The second criterion is also met, as the Supreme Court has explained that "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of

---

[3] *See* Colleton County Public Index, https://www.sccourts.org/casesearch/ (limiting search to Colleton County, Indictment No. 2022GS1500975) (last visited Nov. 7, 2025).

relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *see also Scott v. Davis*, No. 4:17-cv-3036-RBH, 2018 WL 1663404, at *2 (D.S.C. Apr. 6, 2018) (rejecting plaintiff's claims because, "[b]y alleging that his arrest and warrants were invalid, Plaintiff [was] effectively asking [the] Court to intervene in a pending state criminal matter"). And finally, the third criterion is satisfied because Plaintiff can address his claims in his pending criminal proceedings. *See Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights") (internal citations omitted). Because Plaintiff's case meets all three criteria for abstention under *Younger*, federal relief is available under § 1983 only if "special circumstances" justify the provision of federal review. *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987).

Plaintiff's Complaint does not reflect the type of extreme misconduct or extraordinary circumstances that would warrant federal interference in a pending state criminal case. While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a plaintiff's constitutional rights without pretrial intervention; thus, where a threat to the plaintiff's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *See Askins v. Dir. of Florence Cty. Det. Ctr.*, No. 9:20-cv-2846-DCC-MHC, 2020 WL 7001015, at *2 (D.S.C. Sept. 3, 2020), *adopted*, 2020 WL 6110960 (D.S.C. Oct. 16, 2020) (referencing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Id.*; *see also Victoria v. Bodiford*, No. 8:21-cv-1836-JMC, 2021 WL 3726707, at *2 (D.S.C. Aug. 20, 2021) ("If Petitioner has the opportunity to raise his constitutional arguments within the state court proceedings and appeal adverse determinations within the state court system, this court is bound by *Younger* to abstain from granting Petitioner the relief he requests.").

Here, Plaintiff appears to be represented by counsel and can pursue his Fourth Amendment claim in state court both during and after trial; consequently, he fails to demonstrate any "special circumstances" or irreparable injury if denied equitable relief here. *See, e.g.*, *Yerby v. Summerville Police Dep't*, No. 2:22-cv-4175-BHH-MGB, 2023 WL 2666648, at *4 (D.S.C. Feb. 27, 2023), *adopted*, 2023 WL 2666582 (D.S.C. Mar. 28, 2023) (dismissing false arrest claim pursuant to the *Younger* abstention doctrine because plaintiff had ability to raise claims regarding the validity of his arrest in his criminal proceedings); *Mayes v. South Carolina*, No. 6:20-cv-870-HMH-KFM, 2020 WL 1853985, at *2 (D.S.C. Mar. 19, 2020), *adopted*, 2020 WL 1853151 (D.S.C. Apr. 13, 2020) (finding no extraordinary circumstances under *Younger* with respect to plaintiff's "assertion that his rights were violated when the defendants arrested him"). Accordingly, any claims for equitable relief are barred by the *Younger* abstention doctrine at this time.

With respect to Plaintiff's request for damages, the undersigned notes at the outset that it is well-established that "inanimate objects such as buildings, facilities, and grounds are not 'persons' and do not act under color of state law" for purposes of § 1983. *Sumpter v. Georgetown Cty. Det. Ctr.*, No. 0:20-cv-1770-JMC-PJG, 2020 WL 3060395, at *2 (D.S.C. June 8, 2020). Thus, the State of South Carolina and the Colleton County Sheriff's Department do not constitute "persons" for purposes of § 1983 and any such claims against these defendants are therefore subject to summary dismissal. *See e.g.*, *Ackbar v. South Carolina*, No. 4:17-cv-1019-RMG-TER, 2017 WL 2364302, at *1 (D.S.C. May 30, 2017) (South Carolina); *Sheppard v. Orangeburg Cnty. Sheriff's Dep't*, No. 5:20-cv-2362-MGL-SVH, 2020 WL 4756526, at *2 (D.S.C. July 28, 2020), *adopted*, 2020 WL 4754673 (D.S.C. Aug. 17, 2020) (Sheriff's Department).

With respect to the individual defendants, a person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). To that end, "a plaintiff

7

must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff references only one defendant beyond the caption of the Complaint—he states that his arrest was carried out "under the discretion of Deputy Jason Varnadoe." (Dkt. No. 4 at 1.) Without more, Plaintiff has plainly failed to establish the requisite personal involvement required under § 1983 against the other individual defendants here. *See Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations).

Although the pleadings briefly reference Defendant Varnadoe, Plaintiff's cursory allegation are likewise insufficient to state an actionable claim to relief, as Plaintiff appears to impute liability based on Defendant Varnadoe's supervisory role as deputy. Vicarious liability and *respondeat superior* generally are not applicable in § 1983 actions. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability"). There is a limited exception for supervisory liability if the plaintiff can demonstrate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has plainly failed to allege any such facts here, despite receiving the opportunity to do so. (Dkt. No. 12 at 2–3.)

## **CONCLUSION**

In light of the foregoing, the undersigned **RECOMMENDS** that this action be summarily

**DISMISSED** without further leave to amend, as Plaintiff has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018). In light of this conclusion, the Clerk shall not forward this matter to the United States Marshal Service for service of process at this time.

    **IT IS SO RECOMMENDED.**

                                          MARY GORDON BAKER
                                          UNITED STATES MAGISTRATE JUDGE

November 10, 2025
Charleston, South Carolina

    **The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).