IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jaamel R. Davis, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:25-cv-573-BHH |
| v. ) | |
| ) | |
| State of South Carolina; Alan Wilson; ) | |
| Colleton County Sheriff's Department; ) | **ORDER** |
| Sheriff Guerry "Buddy" Hill; Jason ) | |
| Varnadoe; Wanda Taylor; Mayor ) | |
| William T. Young, Jr.; Councilman ) | |
| James Broderick; Councilwoman ) | |
| Judy Bridge; Councilman Carl Brown; ) | |
| Councilman Ladson Fishburne; ) | |
| Councilman Paul Siegel; and ) | |
| Councilman Grey Pryor; ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Jaamel R. Davis Sr.'s ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On March 7, 2025, the Magistrate Judge issued an notifying Plaintiff that his complaint was subject to summary dismissal for failure to state a claim upon which relief may be granted and giving Plaintiff the opportunity to file an amended pleading curing the identified deficiencies. (ECF No. 9.) The Magistrate Judge issued a second proper form order on May 9, 2025. (ECF No. 12.) Despite these orders, Plaintiff failed to comply with the Magistrate Judge's instructions. Accordingly, on November 10, 2025, the Magistrate Judge issued a  report and recommendation ("Report"), outlining the issues and

recommending that the Court summarily dismiss Plaintiff's complaint without leave to amend. (ECF No. 15.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 15), and the Court dismisses this action without further leave to amend and without prejudice.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 8, 2025
Charleston, South Carolina